# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GREGORY P. WEAVER, individually and On behalf of a class of those persons Similarly situated,** | **CASE NO. 1:19-CV-1339** |
| Plaintiff, | **JUDGE DAN AARON POLSTER** |
| vs. | **OPINION AND ORDER** |
| **NORTH AMERICAN POWER & GAS LLC,** | |
| Defendant. | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R"), **Doc #: 19**. The Magistrate Judge recommends that North American Power and Gas, LLC's ("NAPG") motion to dismiss, **Doc #: 7**, be granted in part and denied in part. This is a very close case, and the Court has decided to come out the other way. For the following reasons, NAPG's motion to dismiss for lack of subject matter jurisdiction, **Doc #: 7**, is **GRANTED**.

## I. Background

Plaintiff Gregory P. Weaver ("Weaver") commenced a class action against NAPG on June 10, 2019, alleging violations of Ohio's Consumer Sales Practices Act ("CSPA"), breach of

contract, and breach of implied covenant of good faith and fair dealings. Doc #: 1. On July 23, 2019, this Court referred the case to Magistrate Judge Jonathan D. Greenberg for general pretrial supervision. Doc #: 4.

NAPG filed a motion to dismiss on August 9, 2019, arguing that the Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over Weaver's claims, that Weaver's claims under the CSPA fail as a matter of law, and that Weaver's claims for breach of contract and breach of the duty of good faith and fair dealing fail to state a claim upon which relief can be granted. Doc #: 7. On September 23, 2019, Weaver filed a response. Doc #: 15. On October 17, 2019, NAPG filed a reply. Doc #: 18.

The Magistrate Judge issued his R&R on December 16, 2019, in which he recommends that this Court deny NAPG's motion to dismiss for lack of subject matter jurisdiction, grant the motion to dismiss on Weaver's CSPA claim, and deny the motion to dismiss on Weaver's breach of contract and breach of duty of good faith and fair dealings. Doc #: 19 at 20-21.

NAPG filed objections to the R&R on December 30, 2019, asserting that the Magistrate Judge erred in recommending that the Court deny its motion to dismiss for lack of subject matter jurisdiction and motion to dismiss Weaver's breach of contract and breach of duty of good faith and fair dealings claims. Doc #: 20.

## II. Standard of Review

When a party objects within the allotted time to an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). When the factual existence of subject matter jurisdiction is challenged rather than the sufficiency of the pleading's allegations, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### III. Analysis

NAPG objects to three conclusions of the Magistrate Judge: (A) that the Court has subject matter jurisdiction; (B) that Weaver's breach of contract claim survives NAPG's Rule 12(b)(6) motion; and (C) that Weaver's breach of duty of good faith and fair dealings claim survives NAPG's Rule 12(b)(6) motion.

#### A. Lack of Subject Matter Jurisdiction

The Magistrate Judge concluded that the Court has subject matter jurisdiction over Weaver's case because PUCO has exclusive jurisdiction over cases involving Certified Retail Energy Suppliers ("CRES") only when they concern areas which PUCO regulates. Doc #: 19 at 8. NAPG objects to the Magistrate Judge's conclusion, arguing that the Magistrate Judge misinterpreted Ohio Rev. Code Ann. § 4928.16(A)(1) and misinterpreted or mistakenly applied *Hull v. Columbia Gas*, 850 N.E.2d 1190 (Ohio 2006) and *Saks v. East Ohio Gas. Co.*, 971 N.E.2d 498 (Ohio Ct. App. 8th Dist. 2012). NAPG also asks the Court to consider a PUCO decision issued after briefing before the Magistrate Judge was complete – *Kozlowski v. North American Power and Gas, LLC,* 2019 Ohio Puc Lexis 1118 (Sept. 26, 2019).

The Court finds that PUCO does have exclusive jurisdiction over Weaver's case. In so finding, the Court finds guidance in two forms: (1) PUCO's regulatory scheme and (2) existing precedent.

**1. PUCO's Regulatory Scheme**

PUCO's regulatory scheme is ambiguous on the issue of when, if ever, PUCO has exclusive jurisdiction over complaints involving CRESs such as NAPG.

PUCO certifies and supervises public utilities and CRESs. *See* Ohio Rev. Code Ann. §§ 4928.01, et seq., 4901.01 et seq., 4929.08 et seq. CRESs purchase electricity from a company that produces electricity and resells the electricity to end-use consumers. To supply electricity, a CRES must obtain certification by PUCO regarding the CRES's "managerial, technical, and financial capabilities to provide that service and provide[] a financial guarantee sufficient to protect customers and electric distribution utilities from default. Ohio Rev. Code Ann. § 4928.08(B). While PUCO's regulatory oversight of public utilities is vast, CRESs are exempt from the vast majority of PUCO's regulations, including oversight over pricing. Ohio Rev. Code Ann. § 4928.05(A)(1).

The Ohio Revised Code grants PUCO the authority to hear complaints. Ohio Rev. Code Ann. § 4928.16(A)(1). This statute provides:

> The public utilities commission has jurisdiction under section 4905.26 of the Revised Code, upon complaint of any person or upon complaint . . . regarding the provision by an electric utility, electric services company, electric cooperative, or governmental aggregator subject to certification under section 4928.08 of the Revised Code of any service for which it is subject to certification.

Ohio Rev. Code Ann. § 4928.16(A)(1). The Ohio Supreme Court has found PUCO's regulatory oversight over public utilities to be so comprehensive that this grant of jurisdiction is exclusive.

*Hull*, 850 N.E.2d at 1994. However, the Ohio Supreme Court has not discussed under what circumstances PUCO's jurisdiction is exclusive in cases involving CRESs.

The Magistrate Judge concluded that PUCO has exclusive jurisdiction over CRESs only in cases involving acts PUCO regulates. Doc #: 19 at 8. He found that "service" as used in 4928.16(A)(1) means the specific act which is the basis of the complaint. Doc #: 19 at 8. Because Weaver's complaint is based on NAPG's pricing scheme, and NAPG's pricing scheme is not subject to PUCO certification, the Magistrate Judge concluded that PUCO does not have exclusive jurisdiction over Weaver's case. Doc #: 19 at 8.

NAPG argues that the meaning of "service" is more expansive. Doc #: 20 at 3. NAPG asserts that "service" means the type of act in which the actor is engaging. Doc #: 20 at 3. Here, NAPG supplies electricity. Doc #: 20 at 3. CRESs must be certified in order to supply electricity. Ohio Rev. Code Ann. § 4928.08(B). Because PUCO's act of supplying electricity is subject to certification by PUCO and the underlying pricing dispute is a result of PUCO supplying electricity, NAPG argues that PUCO has exclusive jurisdiction over Weaver's case. Doc #: 20 at 3.

The Court finds that both interpretations of "service" are equally plausible. Accordingly, the Court looks to existing precedent for further guidance.

**II. Existing Precedent**

Existing Precedent suggests that PUCO has exclusive jurisdiction over Weaver's claims.

The Magistrate Judge determined that Ohio courts have not addressed the issue of whether PUCO has exclusive jurisdiction over CRESs. Doc #: 19 at 9. NAPG argues that both *Hull* and *Saks*, which involve retail natural gas suppliers, show that PUCO has exclusive

5

jurisdiction over Weaver's claims.

In *Hull*, the plaintiff sued a public utility and a retail natural gas supplier over a pricing dispute. *Hull*, 850 N.E.2d at 1191. The Ohio Supreme Court determined that PUCO has exclusive jurisdiction over a public utility in a pricing dispute. *Hull*, 850 N.E.2d at 1196. Regarding the retail natural gas supplier, the court explained that PUCO has jurisdiction over retail natural gas suppliers and marketers. *Id*. at 1196. However, the court ultimately explained that this was of no consequence on appeal because the plaintiff was seeking compensation only from the public utility. *Id.*

In *Saks*, the plaintiff alleged that a public utility and natural gas supplier double-billed or overcharged him. *Saks*, 971 N.E.2d at 500. The public utility moved to dismiss the complaint and the natural gas supplier moved for judgement on the pleadings, both arguing that the dispute fell within the exclusive jurisdiction of PUCO. *Id.* The appellate court affirmed the trial court's decision granting the motion to dismiss and motion for judgement on the pleadings. *Id.* at 503.

The opinion in *Saks* is unclear as to what grounds the court relied on when granting the natural gas supplier's motion for judgement on the pleadings. The court first found that plaintiff's CSPA claim falls within PUCO's exclusive jurisdiction. *Id.* However, the court then stated that plaintiff's CSPA claim fails as a matter of law because transactions between a utility or natural gas supplier and its customers are outside the scope of "consumer transactions" covered by the CSPA. *Id.* The Court reads *Saks* as granting the natural gas supplier's motion on both grounds. Thus, *Saks* stands for the position that claims against the national gas supplier regarding a pricing dispute falls within the exclusive jurisdiction of PUCO.

As NAPG indicates, the jurisdiction statute for retail natural gas suppliers, ORC

§ 4929.20, parallels the jurisdiction statute at issue here, ORC § 4928.16(A)(1). Thus, both *Hull* and *Saks* support that that PUCO has exclusive jurisdiction over CRESs for cases involving pricing disputes.

Finally, in the PUCO Commission Decision *In the Matter of the Complaint of Misty Kozlowski*, PUCO summarily states that it has jurisdiction over North American Power and Gas, an electric service company, in a case where the plaintiff alleged the electric service company continued to charge her after she canceled the service. 2019 Ohio Puc Lexis 1118. This indicates, at least, that PUCO believes that it has exclusive jurisdiction over CRESs, and that PUCO will address Weaver's challenge to the fairness of NAPG's rates.

Thus, the Ohio Supreme Court dicta, an opinion from an Ohio appellate court, and a PUCO decision suggest that PUCO has exclusive jurisdiction over a CRES in cases that arise as a result of the CRES supplying electricity. In order to avoid potential waste of judicial and private resources, ambiguities in determining subject matter jurisdiction should be resolved in favor of finding no subject matter jurisdiction. *See Sanders v. Arctic Cat, Inc.*, Case No. 5:15-cv-2286, 2016 WL 1409212, at 2 (Mar. 11, 2016). Otherwise, all the work this Court and the parties will do on this case could be wasted if it is determined on appeal that this Court did not have jurisdiction. Accordingly, the Court finds that PUCO has exclusive jurisdiction over CRESs for claims that involve CRESs supplying electricity. Here, Weaver's claims are based on the rate that NAPG, a CRES, charges for electricity. The pricing scheme for electricity involves the supply of electricity. Thus, the Court finds that PUCO has exclusive jurisdiction over Weaver's claims.

B. **Rule 12(b)(6)**

Because the Court finds that it does not possess subject matter jurisdiction over Weaver's claims under Rule 12(b)(1), it need not reach any substantive issues raised under Rule 12(b)(6).

IV. **Conclusion**

For the foregoing reasons, the Court **REJECTS** the R&R, **Doc #: 19**. The Court hereby **GRANTS** NAPG's motion to dismiss for lack of subject matter jurisdiction, **Doc #: 7**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster      January 9, 2020*
**Dan Aaron Polster**
**United States District Judge**